UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE HOVNANIAN ENTERPRISES, INC. SECURITIES LITIGATION | ) Civil Action No. 2:08-cv-00999<br>) (SDW) (MCA)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a putative class action is pending before the Court entitled *In re Hovnanian Enterprises, Inc. Securities Litigation,* Case No. 2:08-CV-00999 (SDW) (MCA) (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of September 2, 2009 (the "Stipulation"), that has been entered into by Lead Plaintiff Herbert Mankofsky, putative plaintiff Jeffrey S. Buffoni Revocable Trust, and the Settlement Class on one hand, and individual defendants Ara Hovnanian, J. Larry Sorsby, and Bruce Robb (the "Individual Defendants"), and Hovnanian Enterprises, Inc. on the other (the Individual Defendants and Hovnanian Enterprises, Inc. are referred to collectively herein as the "Defendants"), and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR {40295333;2} 1
NOTICE

Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. For purposes of this Settlement only, the Court will certify a Class defined as: a) all Persons who purchased or otherwise acquired Hovnanian securities during the period from June 30, 2005 through December 19, 2007, inclusive; b) all Persons who purchased or otherwise acquired call options on Hovnanian securities during the period from June 30, 2005 through December 19, 2007, inclusive; and c) all Persons who sold or otherwise disposed of put options on Hovnanian securities during the period from June 30, 2005 through December 19, 2007, inclusive (collectively, the "Settlement Class"). Excluded from the Settlement Class are Defendants; the members of Individual Defendants' immediate families; all individuals who are either current officers and/or directors, or who served as officers and/or directors of Hovnanian or their parents or subsidiaries at any time during the Settlement Class Period; any Person, firm, or other entity in which any Defendant has a controlling interest, or any entity which is related to or affiliated with any Defendant; and the legal representatives, agents, affiliates, heirs, successors and assigns of any such excluded Persons. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

2. For purposes of this Settlement only, the Court hereby appoints putative plaintiff Jeffrey S. Buffoni Revocable Trust as a Lead Plaintiff. Also, for purposes of this Settlement only, the court hereby appoints Lead Plaintiff Herbert Mankofsky and Lead Plaintiff Jeffrey S.

Buffoni Revocable Trust as the representatives of the Settlement Class (the "Class Representatives") and appoints Lead Counsel as counsel for the Settlement Class.

3. With respect to certification of a Settlement Class only, the Court expressly finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Litigation. Pending resolution of these settlement proceedings, the Class Representatives and all other potential Settlement Class members, whether direct, representatively, or in any other capacity, whether or not such persons have appeared in the Litigation, shall not institute or prosecute any claims against the Defendants or the Released Parties that have been or could have been asserted in the Litigation, or that arise out of all or any part of the subject matter of this Litigation.

4. Lead Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

5.  The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

6.  A hearing (the "Settlement Hearing") shall be held before Judge Susan D. Wigenton on Tuesday, December 15, 2009, at 11:00 a.m., at the United States District Court for the District of New Jersey, 50 Walnut Street, Newark, New Jersey 07102 to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Lead Counsel; and to determine the amount of expenses to be reimbursed to the Class Representatives. The Court may adjourn the Settlement Hearing without further notice to members of the Settlement Class.

7.  The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim form (the "Proof of Claim"), and Summary Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon for publication annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶8-9 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.  Garden City Group, Inc. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

   a.  Lead Counsel shall make reasonable efforts to identify all Persons who

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE {40295333:2}4

are included in the defined Settlement Class, and not later than thirty (30) days from the date of this Order (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed to all such Persons who can be identified with such reasonable effort;

      b.    Not later than ten (10) days from the Notice Date, Lead Counsel shall cause the Summary Notice to be published once in the national edition of *Investors Business Daily*, and Lead Counsel shall place on a copy of the Second Amended Complaint, the Stipulation (including Exhibits) and all submissions by the parties in support of the Settlement on the website of Lead Counsel or a website maintained by Lead Counsel.

      c.    At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

      9.    Nominees who bought Hovnanian shares or call options or who sold Hovnanian put options for the benefit of Settlement Class members during the period from June 30, 2005 through December 19, 2007, inclusive, shall send the Notice and the Proof of Claim to such Settlement Class members within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficiaries. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficiaries who are Settlement Class members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10. All Settlement Class Members (which, as defined, excludes those who timely and validly request exclusion from the Settlement Class pursuant to the Notice) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

11. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than one hundred and twenty (120) days after this Order is signed. Any Settlement Class member who does not submit a valid Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

12. Any Settlement Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and Defendants' counsel a notice of such appearance. If such a notice of appearance is not entered, the Settlement Class Members will be represented by Lead Counsel.

13. Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than fourteen (14) days prior to the Settlement Hearing. A Request for Exclusion must: (a) state the name, address, and telephone number of the Person requesting exclusion; (b) identify each of the Person's purchases and sales of Hovnanian shares and/or options made during the Class Period, including the dates of purchase or sale, the number of shares and/or options purchased and/or sold, and the price paid or received per share and/or per option for each such purchase or sale; (c) provide proper evidence of the Person's purchases and sales of Hovnanian shares and/or options during the Class Period; and (d) state that the Person wishes to be excluded from the

Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

14. Any Settlement Class Members may appear and show cause why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why the expenses of the Class Representatives should or should not be awarded; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Settlement Class member has delivered by hand or sent by first-class mail written objections and copies of any papers and briefs such that they are postmarked on or before fourteen (14) days prior to the Settlement Hearing, to Glancy Binkow & Goldberg LLP, Attn: Marc L. Godino, 1801 Avenue of the Stars, Suite 311, Los Angeles, CA 90067; Simpson Thacher & Bartlett LLP, Attn: Michael J. Chepiga and Lynn K. Neuner, 425 Lexington Avenue, New York, New York 10017-3954; and Morrison & Foerster LLP, Attn: Jamie Levitt, 1290 Avenue of the Americas New York, New York 10104 and filed said objections, papers and briefs with the Clerk of the United States District Court for the District of New Jersey, on or before fourteen (14) days prior to the Settlement Hearing. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses of the Class Representatives, unless otherwise ordered by the Court.

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE   {40295333:2} 7

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16. All papers in support of the Settlement, the Plan of Allocation, and any application for attorneys' fees and expenses or Class Representatives' reimbursement of expenses shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

17. Defendants, Defendants' Corresponding Released Parties and Defendants' Counsel shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel or counsel for any Settlement Class Member or the Class Representatives, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

18. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

19. All reasonable expenses incurred in identifying and notifying the Settlement Class, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Class Representatives nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶ 2.7 and 2.8 of the Stipulation.

20. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE {40295333:2}8

21. Pending final determination of whether the Settlement should be approved, Class Representatives, all Settlement Class members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Settled Class Claims against any Released Party.

22. Pending final determination of whether the Settlement should be approved, all proceedings are stayed pending further order of the Court.

23. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Class Representatives on one hand and Defendants on the other, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

Dated: ~~September~~ October 15, 2009

THE HONORABLE SUSAN D. WIGENTON
UNITED STATES DISTRICT COURT JUDGE