UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE HOVNANIAN ENTERPRISES, INC.<br>SECURITIES LITIGATION | ) Civil Action No. 2:08-cv-00999<br>) (SDW) (MCA)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# FINAL JUDGMENT AND ORDER OF DISMISSAL
# WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court filed October 16, 2009, on the application of the Parties for final approval of the Settlement set forth in the Stipulation of Settlement dated September 2, 2009 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Settlement Class.

3. The Settlement Class certified by this Court is defined as: a) all Persons who purchased or otherwise acquired Hovnanian securities during the period from June 30, 2005 through December 19, 2007, inclusive; b) all Persons who purchased or otherwise acquired call options on Hovnanian securities during the period from June 30, 2005 through December 19,

2007, inclusive; and c) all Persons who sold or otherwise disposed of put options on Hovnanian securities during the period from June 30, 2005 through December 19, 2007, inclusive. Excluded from the Settlement Class are Defendants; the members of Individual Defendants' immediate families; all individuals who are either current officers and/or directors, or who served as officers and/or directors of Hovnanian or their parents or subsidiaries at any time during the Settlement Class Period; any Person, firm, or other entity in which any Defendant has a controlling interest, or any entity which is related to or affiliated with any Defendant; and the legal representatives, agents, affiliates, heirs, successors and assigns of any such excluded Persons. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice.

With respect to the Settlement Class, the Court finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Litigation.

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE    2

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

5. The Court finds that the Stipulation and Settlement contained therein is fair, just, reasonable and adequate as to each of the Settling Parties; that the Stipulation and Settlement contained therein is hereby finally approved in all respects; and that the Settling Parties are hereby directed to perform its terms.

6. Except as to any individual claim of those Persons (identified in Exhibit B-1 hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided herein or in the Stipulation.

7. Upon the Effective Date hereof, and in consideration of: (a) Defendants' agreement to cause payment in the amount of $4,000,000.00 (the "Settlement Fund") into an escrow account and (b) Defendants' release of Released Defendants' Claims, as set forth in the Settlement, Lead Plaintiffs, Lead Counsel and each Settlement Class Member (and Plaintiffs' Corresponding Released Parties, as set forth in ¶1.19 of the Stipulation of Settlement) shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Plaintiffs' Claims (including Unknown Claims) against Defendants and Defendants' Corresponding Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim.

Only those Settlement Class Members filing valid and timely Proofs of Claim shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. All

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE   3

Settlement Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

8. Except as otherwise expressly set forth in the Stipulation, upon the Effective Date, all claims for contribution and indemnification arising out of the Released Plaintiffs' Claims by Plaintiffs, Lead Counsel, or any Settlement Class Member against any Defendant and Defendants' Corresponding Released Parties are hereby barred.

9. All Persons included in the definition of the Settlement Class (excluding those listed on Exhibit B-1 hereto) are hereby forever barred and enjoined from filing, prosecuting or pursuing any Released Plaintiffs' Claims against Defendants and Defendants' Corresponding Released Parties.

10. Upon the Effective Date hereof, and in consideration of the releases to be provided by Lead Plaintiffs, the Settlement Class, and all members thereof, as set forth in ¶7, above, Defendants, and each of them (and their related parties as set forth in ¶1.19 of the Stipulation of Settlement), shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiffs, Settlement Class Members, Lead Counsel, and Plaintiffs' Corresponding Released Parties.

11. The notice given to the Settlement Class, including the individual Notice to all Persons who are included in the definition of the Settlement Class who could be identified through reasonable effort, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth in the notice, including the proposed Settlement set forth in the Stipulation and the Settlement Hearing thereon, to all Persons entitled to such notice, and

said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

12. Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, fault of the Defendants and Defendants' Corresponding Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of any of the Defendants, or any of Defendants' Corresponding Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be used, offered or received against the Defendants, Defendants' Corresponding Released Parties, Plaintiffs, Plaintiffs' Corresponding Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the infirmity or strength of any claims raised in the Litigation, the truth or falsity of any fact alleged by Plaintiffs, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation; and/or (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the

Settling Parties, Defendants' Corresponding Released Parties, Plaintiffs' Corresponding Released Parties, or each or any of them, that any of the Plaintiffs' claims are with or without merit, that damages recoverable under the Plaintiffs' operative complaint would have been greater or less than the Settlement Fund or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial. Any of the Settling Parties or any of their Corresponding Released Parties may file the Stipulation and/or the Final Order and Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees, costs, interest and reimbursement of expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. Lead Counsel are awarded fees in the amount of $ 1,200,000 representing 30% of the Settlement Fund, plus reimbursement of expenses in the amount of $74,326.16, plus interest

to the same extent that interest has been earned on the Settlement Fund, both to be paid from the Settlement Fund pursuant to the terms of the Stipulation.

17. Settlement Class Representative Herbert Mankofsky is awarded $3,850.00 [handwritten, replacing $2,527.00] as compensation for his time in obtaining the Settlement to be paid from the Settlement Fund and Settlement Class Representative the Jeffrey S. Buffoni Revocable Trust is awarded $2,200.00, as compensation for his time expended related to the Litigation.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

Dated: December 15, 2009

_____
THE HONORABLE SUSAN D. WIGENTON
UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE    7

Exhibit B-1

In re Hovnanian Enterprises, Inc. Securities Litigation,
No. 2:08-cv-00999 (New Jersey)

<u>List of Requests for Exclusion</u>

1) Pasquale Altomare